UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DONNA O'KULICH,

       Plaintiff,

-vs-

NATIONAL RAILROAD PASSENGER
CORPORATION d/b/a AMTRAK,

       Defendant.

## NOTICE OF REMOVAL ON THE BASIS OF FEDERAL QUESTION

Defendant, National Railroad Passenger Corporation, d/b/a Amtrak ("Amtrak"), by and through its attorneys, Durkin McDonnell, P.C., hereby files this Notice of Removal of the above-captioned action from Wayne County Circuit Court pursuant to 28 U.S.C. §§1331, 1349, and 1441 to the United States District Court for the Eastern District of Michigan, stating as follows:

1. On or about July 20, 2018, plaintiff Donna O'Kulich ("plaintiff") filed a Summons and Complaint against Amtrak in the Wayne County Circuit Court, in Detroit, Michigan, entitled "*Donna O'Kulich, Plaintiff v. National Railroad Passenger Corporation d/b/a Amtrak, Defendant,*" Wayne County Circuit Court No. 18-008514-NO.

2. Amtrak received the Summons and Complaint on July 30, 2018 via first-class mail.

3. Amtrak is a federally-chartered corporation created by Act of Congress, 45 U.S.C. §501 *et seq.*, and more than one-half of its capital stock is owned by the United States of America, see 28 U.S.C. §1349. (See ***Exhibit*** A, Affidavit of Phil A. Hancock)

4. Federal Court jurisdiction over actions against corporations in which the government owns a controlling interest, such as Amtrak, is well established, and provides a basis

for this Court's jurisdiction over this case. *Osborn v. Bank of the United States*, 22 U.S. 738 (1824); *Pacific Railroad Removal Cases*, 115 U.S. 1 (1885); *Harvey v. National Railroad Passenger Corporation*, 680 F. Supp. 728 (D. Md. 1987); 28 U.S.C. §1331.

5. The presence of Amtrak as a defendant in this case makes the entire case removable to this Court irrespective of the parties' citizenship or the nature of plaintiff's claims. *In the matter of application of Mary Dunn*, 212 U.S. 374 (1908); *Martin v. St. Louis S. W. Ry. Co. of Texas*, 134 Fed. 134 (W.D. Tex. 1904).

6. This Notice for Removal is timely under 28 U.S.C. §1446(b) because it was filed within thirty (30) days after the receipt of plaintiff's Complaint by Amtrak on July 30, 2018 via first-class mail.

7. A copy of all process, pleadings, and orders served upon Amtrak in the State action is attached hereto.

8. A copy of this Notice will be filed with the Wayne County Circuit Court as required by 28 U.S.C. §1446(d).

WHEREFORE, for the above reasons, defendant, National Railroad Passenger Corporation, d/b/a Amtrak, is entitled to and hereby does remove this action to this court under 28 U.S.C. §1441.

DURKIN McDONNELL, P.C.

Dated: August 7, 2018

By: /s/ Mary C. O'Donnell
Mary C. O'Donnell (P33479)
Joseph J. McDonnell (P32056)
*Attorneys for Defendant*
645 Griswold, Suite 3253
Detroit, MI  48226
(313) 963-3033

## **CERTIFICATE OF SERVICE**

      I, Linda Beaudoin, hereby certify that on the date shown below I served a copy of ***Notice of Removal on the Basis of Federal Question*** upon counsel of record via first class mail after filing same with the Clerk of the United States District Court Western District via the Court's CM/ECF filing system.  I declare that the statements above are true to the best of my information.

Dated:  August 7, 2018                                        /s/ Linda Beaudoin

| Approved, SCAO | Original - Court<br>1st Copy- Defendant | 2nd Copy - Plaintiff<br>3rd Copy -Return |
|---|---|---|
| **STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY** | **SUMMONS AND COMPLAINT** | **CASE NO<br>18-008514-NO**<br>Hon. Sheila Ann Gibson |

Court Address 2 Woodward Ave., Detroit MI 48226    Court Telephone No. 313-224-5207

| **Plaintiff**<br>O'Kulich, Donna | v | **Defendant**<br>National Railroad Passenger Corporation d/b/a Amtrak<br>1 Massachusetts Ave, NW<br>Washington, DC 20001 |
|---|---|---|
| **Plaintiff's Attorney**<br>Jeffrey A. Danzig 36571<br>535 Griswold St Ste 2632<br>Detroit, MI 48226-3687 | | |

**SUMMONS** NOTICE TO THE DEFENDANT: In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>7/20/2018 | This summons expires<br>10/19/2018 | Court clerk<br>Tashia Marshall |
|---|---|---|

Cathy M. Garrett- Wayne County Clerk.

**Family Division Cases** (The following is information required in the caption of every complaint and is to be completed by the plaintiff.)
☐ This case involves a minor who is under the continuing jurisdiction of another Michigan court. The name of the court, file number and details are on page _____ of the attached complaint.
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**Civil Cases** (The following is information required in the caption of every complaint and is to be filled by the plaintiff.)
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☒ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village)<br>Beverly Hills, Michigan | Defendant(s) residence (include city, township, or village)<br>Washington, District of Columbia |
|---|---|
| Place where action arose or business conducted<br>Dearborn, Michigan | |
| 7/20/18<br>Date | Signature of attorney/plaintiff |

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

MC 01 (6/17) SUMMONS AND COMPLAINT MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)

Note to Plaintiff: The summons is invalid unless served on or before its expiration date.

**SUMMONS AND COMPLAINT**
**18-008514-NO**

## PROOF OF SERVICE

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint.

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
   List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge and belief

| Service fee $ | Miles traveled $ | Fee $ | | | Signature |
|---|---|---|---|---|---|
| Incorrect Address fee $ | Miles traveled $ | Fee $ | | Total fee $ | Name (type or print) |

Title _____

Subscribed and sworn to before me on _____, _____ County, Michigan.
                                          Date

My commission expires: _____   Signature: _____
                        Date                          Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                        Attachments

_____ on _____
                                       Day, date, time

_____ on behalf of _____

Signature

## STATE OF MICHIGAN

### IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

DONNA O'KULICH,

          Plaintiff,

v

NATIONAL RAILROAD PASSENGER CORPORATION
d/b/a AMTRAK,

          Defendant.

Case No:

Hon.

---

JEFFREY A. DANZIG (P36571)
VEN R. JOHNSON (P39219)
**JOHNSON LAW, PLC**
Attorneys for Plaintiff
535 Griswold Street, Ste. 2632
Detroit, MI 48226
(313) 324-8300 F: (313) 324-8301
jdanzig@venjohnsonlaw.com

---

### COMPLAINT AND JURY DEMAND

There is no other pending civil action arising out
of the transaction or occurrence alleged in this Complaint.

*/s/ Jeffrey A. Danzig*
JEFFREY A. DANZIG (P36571)

Now comes the above-named Plaintiff, Donna O'Kulich, by and through her attorneys, Jeffrey A. Danzig, Ven R. Johnson and Johnson Law, PLC and for her cause of action against the Defendant herein, states unto this Honorable Court as follows:

1.    That the Plaintiff herein, Donna O'Kulich, is a resident of the City of Beverly Hills, County of Oakland, State of Michigan and was a resident of the City of Beverly Hills at all times pertinent hereto.

1

2. That the Defendant herein, National Railroad Passenger Corporation, d/b/a Amtrak, is a federally chartered corporation and a publicly funded railroad service, operated and managed as a for-profit corporation, providing passenger railroad services across the United States.

3. That your Plaintiff herein, Donna O'Kulich, is a 72-year-old single woman with a physical handicap, who routinely rides Amtrak train number 353 from Troy Michigan to Chicago Illinois and who routinely purchases handicapped seating to accommodate her physical handicap.

4. That Plaintiff Donna O'Kulich purchased an Amtrak eticket on train number 353 for March 23, 2018, reserving a seat in the handicapped section under reservation number C4B724, for her trip from Troy Michigan to Chicago Illinois.

5. That on March 23, 2018, Donna O'Kulich boarded Amtrak train number 353 prior to its scheduled departure and took her seat in the handicapped section of the train.

6. That all around her in the handicapped section were 8 ½ inch by 11-inch paper signs, on the seats and on the floor of the handicapped section, indicating "Disability Seating", which was the very first time your unsuspecting Plaintiff had encountered such random signage.

7. That Plaintiff Donna O'Kulich remained seated in the handicapped section as the train left the station until an agent, servant, and/or employee of Defendant Amtrak began asking for customer tickets. Further, that Donna O'Kulich got up out of her seat in the handicapped section of the train to retrieve her ticket from baggage, when she slipped and fell upon an 8 ½ inch by 11-inch paper sign upon the floor of the handicapped section, causing her to fall directly onto her right hip, suffering both a fracture of the femur and dislocation of the right hip, requiring emergency medical services and further suffering serious and numerous permanent injuries and damages as hereinafter alleged.

2

8. That the incident causing both her fall and injuries occurred while Amtrak train number 353 was traveling through Wayne County.

9. That the conditions of the handicapped seating area of Amtrak train number 353 on March 23, 2018 were unreasonably dangerous to a handicapped person such as your unsuspecting Plaintiff, Donna O'Kulich, as the pieces of paper situated upon the floor of the handicapped seating section were effectively unavoidable and created an unreasonable risk of harm and likelihood of injury due to a slip or trip hazard for a physically handicapped individual such as your Plaintiff.

10. The at all times pertinent hereto, Defendant Amtrak, by and through its agent, servants, and/or employees, owed duties to your Plaintiff as a handicapped business invitee; that notwithstanding those duties, Defendant herein, by and through the actions and/or omissions of its agents, servants, and/or employees, did violate the same in the following particulars:

   a) In negligently failing to use ordinary care to make the premises reasonably safe for those invited;

   b) In having control over the premises and handicapped seating area and otherwise failing to provide a safe premises for invitees who were physically disabled and/or handicapped;

   c) In negligently failing to warn invitees and especially those handicapped individuals of any and all dangers and/or defects of which it knew existed or in the exercise of reasonable care and inspection should have known existed in the handicapped seating area;

   d) In negligently failing to mark, identify and/or warn of the existence of an unreasonably dangerous condition which Defendant knew existed or in the

exercise of reasonable care and inspection should have known existed at all times pertinent hereto;

e) In negligently failing to provide a safe walking surface for business invitees and/or persons seated in the handicapped seating area, which floor surface and pieces of paper were effectively unavoidable;

f) In negligently failing to maintain the premises by eliminating any and all unreasonably dangerous conditions upon the floor of the handicapped seating area which amounted to an unreasonably dangerous condition;

g) In negligently failing to provide adequate warnings of the existence of unreasonably dangerous conditions upon the premises, including but not limited to providing warnings to notify the public of such unreasonably dangerous conditions;

h) In negligently causing an inherently dangerous condition to exist by actively placing numerous 8 ½ inch by 11-inch paper signs upon the floor of the handicapped seating area which conditions were unreasonably dangerous to a handicapped and/or physically impaired person.

11. That as a direct and proximate result of Defendant's negligence as aforementioned, your Plaintiff herein sustained injuries, which injuries have caused her pain, suffering, disability and mental anguish and which injuries will in the future cause her pain, suffering, disability and mental anguish, to wit: permanently, for which your Plaintiff herein now claims damages.

12. That as a direct and proximate result of Defendant's negligence as aforementioned and as a result of the injuries inflicted upon your Plaintiff, your Plaintiff has

4

been compelled to spend large sums of money for medical care and treatment and in the future will be compelled to spend large sums of money for medical care and treatment, to wit: permanently, for which your Plaintiff herein now claims damages.

13. That as a result of the injuries sustained by your Plaintiff, your Plaintiff has suffered a severe loss of mobility and will be unable to engage in those activities which an individual of your Plaintiff's age is accustomed to engage in, both past, present, and future and your Plaintiff is hereby claiming damages for said deprivation and loss.

14. That as a result of the visible nature of some but not all of your Plaintiff's injuries, your Plaintiff has suffered and will in the future continue to suffer extreme humiliation and embarrassment, for which your Plaintiff herein now claims damages.

15. That this Court has jurisdiction as a result of the injuries and damages sustained and that the amount in controversy exceeds $25,000.00, exclusive of interests, costs, and attorney fees.

**WHEREFORE**, your Plaintiff herein prays for judgement against the Defendant herein in whatever amount the Court or jury determines to be fair, just, and adequate compensation for those injuries and damages sustained, together with interests, court costs, and attorney fees.

Dated: July 20, 2018          By:    */s/ Jeffrey A. Danzig*
                                                 **JEFFREY A. DANZIG (P36571)**
                                                 **VEN R. JOHNSON (P39219)**
                                                 **JOHNSON LAW, PLC**
                                                 Attorneys for Plaintiff
                                                 535 Griswold Street, Ste. 2632
                                                 Detroit, MI 48226
                                                 (313) 324-8300 F: (313) 324-8301
                                                 jdanzig@venjohnsonlaw.com

## JURY DEMAND

NOW COMES Plaintiff, Donna O'Kulich, by and through her attorneys, and hereby demands a trial by jury in the above matter.

Dated: July 20, 2018  By: */s/ Jeffrey A. Danzig*
　　　　　　　　　　　　　　**JEFFREY A. DANZIG (P36571)**
　　　　　　　　　　　　　　**VEN R. JOHNSON (P39219)**
　　　　　　　　　　　　　　**JOHNSON LAW, PLC**
　　　　　　　　　　　　　　Attorneys for Plaintiff
　　　　　　　　　　　　　　535 Griswold Street, Ste. 2632
　　　　　　　　　　　　　　Detroit, MI 48226
　　　　　　　　　　　　　　(313) 324-8300 F: (313) 324-8301
　　　　　　　　　　　　　　jdanzig@venjohnsonlaw.com