DONNA O'KULICH,

    Plaintiff,

v.                                                                                             Case No. 18-12444

NATIONAL RAILROAD                                       HON. AVERN COHN
PASSENGER CORPORATION,
d/b/a AMTRAK,

    Defendant.
_____/

## MEMORANDUM AND ORDER
## DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (Doc. 13)

### I. Introduction

This is a tort case. Plaintiff Donna O'Kulich is suing defendant National Railroad Passenger Corporation d/b/a Amtrak (Amtrak) for negligence arising out of her fall on an Amtrak passenger car.

Before the Court is Amtrak's motion for summary judgment on the grounds that the danger was open and obvious. As will be explained, a threshold issue is whether plaintiff's complaint sounds in ordinary negligence or premises liability. It matters because the open and obvious doctrine applies in premises liability cases, not ordinary negligence cases. After consideration, the case sounds in ordinary negligence case. So treated, Amtrack's motion must be denied.

### II. Background

The material facts as gleaned from the parties' papers follow.

On March 23, 2018, plaintiff, who is handicapped and always boards in handicapped accessible seating, boarded an Amtrak train to Chicago. Plaintiff boarded the train with assistance, moved to the second car and saw pieces of paper on the floor marked "Disability Seating." Apparently, the papers were temporary signs placed by Amtrak employees in either the grooves of the luggage rack above the seats or on the seats themselves to indicate seating for the disabled. (Hereafter the papers will be referred to as "disability signs").

Plaintiff asked the conductor if she could sit in the handicapped area with the disability signs on the floor. The conductor said yes and moved on, without picking them up. Plaintiff says that when the conductor later approached her to get her ticket, she got up from her seat to retrieve it from her suitcase. After retrieving her ticket, the train jolted and plaintiff placed her right foot behind her to steady herself. In so doing, she stepped on one of the disability signs on the floor and fell, suffering injuries which required surgery.

### III. Summary Judgment

Summary judgment is appropriate when the moving party demonstrates that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c). There is no genuine issue of material fact when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must

2

prevail as a matter of law." In re Dollar Corp., 25 F.3d 1320, 1323 (6th Cir. 1994) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 251-52 (1986)).  In so doing, the Court "must view the evidence in the light most favorable to the non-moving party." Employers Ins. of Wausau v. Petroleum Specialties, Inc., 69 F.3d 98, 101 (6th Cir. 1995).

## IV.  Analysis

### A.  Ordinary Negligence

To establish a prima facie case of negligence, a plaintiff must prove four elements: (1) a duty owed by the defendant to the plaintiff, (2) a breach of that duty, (3) causation, and (4) damages.  Case v. Consumers Power Co, 463 Mich. 1, 6 (2000).[1]

As noted above, the parties dispute whether this is a case of ordinary negligence or premises liability.  "Courts are not bound by the labels that parties attach to their claims." Buhalis v. Trinity Continuing Care Servs., 296 Mich. App. 685, 691, 822 N.W.2d 254 (2012).  Instead, an action should be determined by reading the entire complaint, looking beyond procedural labels, and determining the exact nature of the claim.  Id. at 691-692, 822 N.W.2d 254.  Importantly, there is a distinction "between claims arising from ordinary negligence and claims premised on a condition of the land." Id. at 692, 822 N.W.2d 254.  When the claim is based on a condition of the premises, "liability arises solely from the defendant's duty as an owner, possessor, or occupier of land." Id.; see also Kachudas v. Invaders Self Auto Wash, Inc., 486 Mich. 913, 914, 781 N.W.2d

---

[1]  Because the basis for the Court's jurisdiction is diversity, the Court must apply the substantive law of Michigan as interpreted by the Michigan Supreme Court. Reid v. Volkswagen of America, Inc., 575 F.2d 1175, 1176 (6th Cir. 1978).

3

806 (2010) ("[T]he plaintiff in this case is alleging injury by a condition of the land, and as such, his claim sounds exclusively in premises liability.").

The confusion may stem from the fact that the complaint does not contain a discrete count of "negligence" or "premises liability." Although the complaint references "premises" and "business invitee" that is not dispositive. This is so because the location of the incident - on a passenger railcar - is significant. In other words, plaintiff is complaining about a dangerous condition on the railcar, not a dangerous condition on land. So stated, the complaint is based on ordinary negligence, not premises liability. See Laier v. Kitchen, 226 Mich. App. 482 (2005) (duty to operate tractor in a safe manner sounded in ordinary negligence not premises liability); Hiner v. Mojica, 271 Mich. App. 604 (2006) (duty of dog owner to protect others from injury from a dog sounded in ordinary negligence not premises liability).

In Jackson-Ruffin v. Metro Cars, No. 276144 (Mich. Ct. App. May 22, 2008), the plaintiff fell on snow covered steps of s shuttle bus. The case went to trial and defendant moved for a directed verdict on the grounds the condition was open and obvious. The trial court denied the motion. In affirming, the court of appeals explained that the open and obvious doctrine applied to premises liability cases and that a premises liability case necessitated that the injury occurred because of a condition on the land. The court then stated:

> This case is neither a premises liability nor a products liability action. Rather, it is a third-party ordinary negligence claim to which the open and obvious danger doctrine does not apply. **Defendant was obligated to exercise due care in the maintenance of its vehicle and transportation of its shuttle passengers,** including ensuring a safe access to and egress from the shuttle.

Id. slip op. at p. 2 (emphasis added). The court of appeals went on, citing Laier and

4

Hiner, that "Michigan law clearly establishes that the open and obvious danger doctrine does not apply to dangerous conditions existing on passenger vehicles, and we are not persuaded that this firmly established policy should change." Id.

Amtrack cites Caniff v. The Blanchard Navigation Co., 66 Mich. 638 (1887) in support of its contention that the open and obvious doctrine applies. In Caniff, the plaintiff was an experienced sailor. While walking on the deck of the ship, plaintiff fell threw an open hatchway. The Michigan Supreme Court held that plaintiff, based on his knowledge and experience as a sailor, was able to realize the danger and therefore could not recover on a negligence claim. In Riddle v. McLouth Steel Products, Corp., 440 Mich. 85 (1992), the seminal case on open and obvious, the Michigan Supreme Court cited Caniff as an important case in the development of the doctrine.

In Jackson-Ruffin, the court of appeals had this to say about Caniff:

Caniff, decided in 1887, does not explicitly cite the open and obvious danger doctrine, which had not yet been fully developed. The mere fact that caniff may have helped form the theoretical basis for what would become the open and obvious danger doctrine is not in itself evidence that he doctrine applies to dangerous conditions that exist on passenger vehicles. This Court has explicitly stated that the open and obvious danger doctrine applies in premises liability cases, which arise out of injuries on land.

Id. at p. 3.

The Court agrees with the court of appeals. Caniff has no bearing on this case. In the end, plaintiff was injured on a passenger vehicle. Amtrack had a duty to exercise reasonable care in the transportation of its passengers, like plaintiff. Amtrack's duty sounds in ordinary negligence, not premises liability. As such, Amtrack's motion which is based on application of the open and obvious doctrine, must be denied.

B. Premises Liability

The Court also observes that even if the case were treated as a premises liability case to which the open and obvious doctrine applies, Amtrak cannot prevail. In examining whether a risk of harm is open and obvious, the question is whether an average person of ordinary intelligence would "have been able to discover the danger and the risk presented upon casual inspection." Novotney v. Burger King Corporation, 198 Mich. App. 470, 475 (1993) (citing Glittenberg v. Doughboy Recreational Industries, 441 Mich. 379 (1992)). Here, plaintiff saw the disability signs and even informed the conductor of their presence on the floor. Thus, the disability signs were open and obvious.

However, even though a danger may be open and obvious, a property owner may have a duty to exercise reasonable care to protect the invitee if "he should anticipate the harm despite knowledge of it on behalf of the invitee." Riddle v. McLouth Steel Products Corp., 440 Mich. 85, 96 (1992). An exception to the duty owed for open and obvious dangers arises when special aspects of a condition make even an open and obvious risk unreasonable. Hoffner v. Lanctoe, 492 Mich. 450, 461 (2012). Special aspects exist when an open and obvious hazard remains unreasonably dangerous or when it is effectively unavoidable. Id. at 461-63. While Amtrak says that plaintiff could have easily avoided the disability signs when she got out of her seat to retrieve her ticket, the record shows reasonable minds could differ on whether special aspects made the presence of the disability signs posed an unreasonable risk of harm or were effectively unavoidable. According to the affidavit of Lee Martin, an architect with experience with construction and maintenance of floor services who inspected the

6

Amtrak car at issue:

> [Plaintiff] could not avoid the signs on the floor, as the area around her seat was limited, and it was necessary for [plaintiff] to reposition her feet to maintain her balance on the moving train after retrieving her ticket from her suitcase.

Moreover, an Amtrak employee testified that the disability signs should not be on the floor and if they were, an employee should have picked them up. The employee also testified that they would not ask or expect a handicapped passenger like plaintiff to pick up the disability signs.

Under these circumstances, a reasonable juror could conclude that the condition of the disability signs on the floor was unreasonably dangerous and or effectively unavoidable. As such, even if the open and obvious doctrine applies, Amtrak is not entitled to summary judgment.

## V. Conclusion

For the reasons stated above, Amtrack's motion is DENIED.

SO ORDERED.

S/Avern Cohn
 AVERN COHN
 UNITED STATES DISTRICT JUDGE

Dated: 9/3/2019
	Detroit, Michigan